WALLER *v.* DANSBY.

## Opinion delivered October 11, 1920.

1.  ADVERSE POSSESSION—SON TACKING FATHER'S POSSESSION.—Where a father, having a deed to land, allowed his son to enter under a parol gift, under which the son continuously occupied it, claiming it as his own, a privity between the father and son existed, so that the son could avail himself of the father's occupancy in order to establish a claim of adverse possession.

2.  ADVERSE POSSESSION — TACKING POSSESSION.—The privity which will allow the possession of several to be tacked may be created in any way that will prevent a break in the adverse possession and refer the several possessions to the original entry, and it may be created by parol or otherwise.

3.  ADVERSE POSSESSION—NOTICE OF ADVERSE CLAIM.—In an action by a mortgage after foreclosure to recover possession of land, where, after paying taxes for two years, the mortgagee discovered that the mortgagor was paying taxes on the land and wrote to him inquiring whether he was not paying on the wrong land, to which no reply was received, and the mortgagor and his son continued to pay taxes for many years, a finding that the mortgagee had actual notice of the adverse claim of the mortgagor and his privies *held* sustained by the proof.

4.  NOTICE—FACTS PUTTING ONE ON INQUIRY.—Whatever puts a party on inquiry amounts to notice where the inquiry becomes a duty and would lead to knowledge of the requisite fact by the exercise of ordinary diligence and understanding.

Appeal from Nevada Circuit Court; *James S. Steel,* Judge; affirmed.

### STATEMENT OF FACTS.

Appellant instituted this action in the circuit court against appellee to recover possession of a certain tract of land. The material facts are as follows:

The present suit was commenced on October 17, 1917, and the trial was had on the 6th day of January, 1920. The forty acres of land involved in this appeal were originally owned by Jacob Dansby, the husband of Amanda Dansby, and the father of Marshall Dansby. He mortgaged this forty-acre tract along with several other tracts of land to W. B. Waller to secure an indebtedness which he owed Waller. Waller foreclosed his

mortgage in the chancery court and a commissioner's deed was executed to him on the 23d day of January, 1903, to the forty acres in controversy as well as other land which was embraced in the mortgage.

Waller testified that after he had paid taxes on the land a year or two, he found that the Dansbys were paying taxes on it and wrote and asked if they had not made a mistake and were not paying on the wrong land. In the letter he offered to sell the land to the Dansbys, and they never answered his letter. He further stated that he had never heard of any adverse claim to the land until after Jacob Dansby died and about two years before the trial.

According to the testimony of Amanda Dansby, Jacob Dansby, her husband, died about three years before the trial, and they had always paid the taxes on the forty acres involved in this appeal as well as the other land adjacent to it which constituted their homestead. They had owned the land about forty years and had always paid the taxes on it and had always claimed it as their own until their son, Marshall Dansby, went on it in 1907.

According to the testimony of Marshall Dansby, he went on the forty acres involved in this appeal in the fall of 1907 by agreement with his father and mother. He married at this time, and they gave him the land by a verbal contract. Pursuant to the contract he took possession of the land and erected a home on it and cleared ten acres. He has occupied the land in controversy ever since, claiming it as his own.

The circuit court sitting as a jury found that Marshall Dansby, under color of title, had been in possession of the forty acres of land involved in this appeal for more than seven years next before the bringing of this suit and had title thereto by limitation. Judgment was rendered accordingly, and Waller has appealed.

*H. E. Rouse* and *McRae & Tompkins,* for appellant.

The foreclosure sale vested the title and right of possession in appellant, subject to the inchoate right of

dower therein. The parol gift was not color of title. 50 Ark. 340-5; 89 *Id.* 450; 96 *Id.* 613. A writing even is not always color of title, even in making a gift. 83 Ark. 385. See, also, 2 A. L. R. 1453; 40 Fed. 723. The title being in appellant the constructive possession was in him. 81 Ark. 261; 57 *Id.* 523; 67 *Id.* 411; 73 *Id.* 344. There is no evidence of the alleged gift by parol to Marshall Dansby. Dansby's possession was not adverse, but if so it could only extend to the boundaries of the land actually enclosed for more than seven years.

*C. C. Hamby* and *E. P. Hamby,* for appellees.

This case is settled by 50 Ark. 340. The evidence shows that the true owner did have actual notice more than seven years before bringing suit and that takes this case out of the rule in 2 A. L. R. 1453. See 50 Ark. 340.

HART, J. (after stating the facts). It is claimed by counsel for appellant that Marshall Dansby had no color of title to the forty acres invlved in this appeal, and therefore could only acquire title by adverse possession to the ten acres of land which he had cleared and actually had in his possession. In making this contention counsel have not taken into consideration the fact that Marshall Dansby could tack his possession to that of his father, Jacob Dansby. The record shows that Jacob Dansby originally owned the land and had a deed thereto. According to the testimony of Amanda Dansby they paid taxes on the land and claimed it as their own until the year 1907. Marshall Dansby said that he entered the land at that time under a parol agreement from his father and mother and has continuously occupied it ever since, claiming it as his own, and either himself or his father paid the taxes thereon. This created a privity between him and his father, and he had the right to avail himself of the occupancy of his father. In order to create the privity requisite to enable the subsequent occupant to tack to his possession that of the prior occupant, it is not necessary that there be a conveyance in writing.

It is sufficient if it is shown that the prior occupant transferred his possession to him, even though by parol. The authorities agree that privity between successive possessors is all that is necessary to render them continuous, if the possession be in fact actual and adverse. The privity may be created in any way that will prevent a break in the adverse possession and refer the several possessions to the original entry and it may be created either by parol or otherwise from vendor to vendee. *Memphis & Little Rock Rd. Co. as Reorganized* v. *Organ,* 67 Ark. 84; *Wilson* v. *Rogers,* 97 Ark. 369, and *St. L. S. W. Ry. Co.* v. *Mulkey,* 100 Ark. 71. From these authorities it is apparent that the court was justified in finding from the testimony that Marshall Dansby had been in adverse possession of the land for more than seven years under color of title.

Again, it is contended that, after the foreclosure proceedings instituted by Waller against Jacob Dansby to foreclose a mortgage on the land involved in this appeal, together with other land, and the execution of a commissioner's deed to Waller, the possession of Dansby was not hostile, but that he was presumed to hold in subordination to the title conveyed to Waller, unless there is affirmative evidence of a contrary intention.

In the case at bar, according to Waller's own testimony, he received a deed to the land early in 1903, and in a year or two thereafter found that the Dansbys were paying taxes on the land. He wrote them about the matter and received no answer. In his letter he offered to sell them the land. The Dansbys continued to pay taxes on the land and to claim it as their own. Jacob Dansby and his wife put their son, Marshall Dansby, in possession of the land in 1907, under a parol agreement of gift to him, and he has occupied the land ever since, building a house on it and clearing a part of it.

The circuit court was justified, under all the circumstances in the case, in finding that Waller had actual notice of the adverse claim of the Dansbys. The general

rule is, that whatever puts a party upon inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty as in the case of vendor and purchaser, and would lead to the knowledge of the requisite fact, by the exercise of ordinary diligence and understanding. Or, as the rule has been expressed more briefly, where a man has sufficient information to lead him to a fact, he shall be deemed cognizant of it. *Miller* v. *Fraley and Greenwood & Co.*, 23 Ark. 735; and *Bland* v. *Fleeman*, 58 Ark. 84.

Waller says he paid taxes on the land for a year or two after the foreclosure sale; that then the Dansbys began to pay taxes on it. He wrote them about the matter and received no answer. Under the circumstances he should have pursued his inquiry further, and if he had done so he would have found out that they were claiming the land under the original grant to Jacob Dansby. Hence the circuit court was justified in finding for the defendant, Marshall Dansby.

It follows that the judgment must be affirmed.