62

James D. CHILDRESS and Leo Irene CHILDRESS
*v.* Robert RICHARDSON and
Fredricka B. RICHARDSON

CA 83-269                                    670 S.W.2d 475

Court of Appeals of Arkansas
Division II
Opinion delivered June 20, 1984

*Evans, Farrar, Owen & Reis,* by: *Bryan J. Reis,* for appellant.

*Curtis L. Ridgeway, Jr.,* for appellee.

LAWSON CLONINGER, Judge. The issue on this appeal is whether the trial court's decision that appellees, Robert and Fredricka B. Richardson, had a prescriptive easement for a gas line across the property of appellants, James D. and Leo Irene Childress, was clearly against the preponderance of the evidence. We hold that there was no easement and we must reverse.

Appellants filed suit on November 14, 1982, to quiet title to their residential lot located in Garland County. Appellants had purchased their lot in 1978, and appellees had owned the lot immediately west of appellants' lot since 1962. The gas line servicing appellees' residence runs east across appellants' lot and connects with a meter located east of appellants' lot. The line is underground and no part of it is visible. Two houses are on the lot adjacent to appellants' lot to the east, described as the Flack property. Three gas meters are located on the boundary between appellants' lot and the Flack property; one of the meters services appellants, one services the appellees, and one services the two houses on the Flack property.

Appellant James Childress testified that he was not aware that apellees' gas line crossed his property until the line was inadvertently discovered by the telephone company a short time before this action was filed. Appellants had rebuilt their garage over the line without knowing of its existence. Appellee R.H. Richardson testified that he knew the line ran across appellants' property, but that he did not know where it crossed.

In *Craig* v. *O'Bryan*, 227 Ark. 681, 301 S.W.2d 18 (1957), quoting from Volume 14, Page 98, of *Words and Phrases*, the Arkansas Supreme Court stated:

Easement by prescription may be created only by adverse use of privilege with knowledge of person against whom easement is claimed, or by use so open, notorious, and uninterrupted, that knowledge will be presumed, and exercised under claim of right adverse to owner and acquiesced in by him.

The trial court in this case found that it would be inequitable to require appellees to build some 550 feet of private gas line when their property has been served by the existing line across appellants' property for more than twenty years. The court found that appellees have a right to use the line, and that the parties should share equally the cost of relocating the line. We have reluctantly arrived at the conviction that the trial court was in error.

There was evidence from which the trial court could have found that appellants' predecessor in title was aware of the line and acquiesced in the use of it for a period of eleven years before appellants purchased their lot. Appellees contend, then, that once the easement was created, the right to the prescriptive easement is not subject to being cut off by a new purchaser. Appellees cite no Arkansas law to support their position, and since we base our decision upon another principle it is not necessary to resolve appellees' contention.

A purchaser of real estate is charged with notice of an unrecorded easement when the existence of the servitude is apparent upon an ordinary inspection of the premises. *Hannah v. Daniel*, 221 Ark. 105, 252 S.W.2d 548 (1952). In *Hannah*, the court found that at the time Hannah purchased his property there was no physical improvement located on that property which would reasonably make it apparent that a servitude existed. The court stated:

> We announced the rule in this language in *Waller v. Dansby*, 145 Ark. 306, 224 S.W. 615: 'The general rule is, that whatever puts a party upon inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty as in the case of vendor and purchaser, and would lead to the knowledge of the requisite fact, by the exercise of ordinary diligence and under-standing. Or, as the rule has been expressed more briefly, where a man has sufficient information to lead him to a fact, he shall be deemed cognizant of it.'

In *French v. Richardson*, 246 Ark. 497, 438 S.W.2d 714 (1969), the rule laid down in *Hannah* was approved, but the court found that the existence of a tower and transmission lines was sufficient to put French on notice of the existence of a servitude. The court then ruled:

> Had he exercised his duty to make inquiry he would have easily discovered the existence and conditions of the lease easement. He is therefore charged, under our settled law, with notice of the easement.

This rule has been applied to prescriptive easements.

*Armstrong* v. *McCrary*, 249 Ark. 816, 462 S.W.2d 445 (1971).

In the present case, there was no actual notice to appellants and there was no evidence of the gas line sufficient to put appellants on notice of its presence. The line was entirely underground, and there was nothing to put appellants on notice that one of the three meters east of appellants' property serviced appellees' residence. Appellant James Childress testified that he was aware of the three meters, but had thought that one of the meters was his and that the other two serviced the two houses on the Flack property. Under the circumstances of this case his belief was a reasonable one.

The decision of the trial court is reversed and this cause is remanded with directions to enter an order quieting appellants' title to the exclusion of any claim for easement for the passage of the gas line.

MAYFIELD, C.J., concurs.

GLAZE, J., agrees.

MELVIN MAYFIELD, Chief Judge, concurring. Rule 52(a) of the Rules of Civil Procedure provides that we affirm the findings of fact made by the chancellor unless they are clearly contrary to the preponderance of the evidence. The question here is whether, at the time the appellants purchased their lot, the existence of the gas line across the lot would have been apparent upon ordinary inspection.

Apparently the chancellor was not very certain that appellees had a prescriptive easement for the line or he would not have required them to pay half the cost of relocating it. The evidence from which an easement could be found is meager. Under the circumstances, I concur in the result of the majority opinion.