ACCEPTED
12-16-00073-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/6/2016 4:44:03 PM
Pam Estes
CLERK

## IN THE COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/6/2016 4:44:03 PM
PAM ESTES
Clerk

**12-16-00073-CR**

## IN THE COURT OF APPEALS
## FOR THE TWELFTH JUDICIAL DISTRICT
## TYLER, TEXAS

### RICHARD KAY
### V.
### The State of Texas

## APPEAL FROM THE 159TH JUDICIAL DISTRICT COURT
## OF ANGELINA COUNTY, TEXAS

## ANDERS BRIEF OF APPELLANT
## RICHARD KAY

Respectfully, Submitted:
/s/John D. Reeves
JOHN D. REEVES
Attorney at Law
1007 Grant St.
Lufkin, Texas 75901
Phone: (936) 632-1609
Fax: (936) 632-1640
tessabellus@yahoo.com
**ATTORNEY FOR APPELLANT**

## ORAL ARGUMENT NOT REQUESTED

.

# IDENTITY OF PARTIES AND COUNSEL

**Parties:**

Appellant in Trial Court:

RICHARD KAY
TDC # 02050575
Gist State Jail
3295 FM 3514
Beaumont, Texas 77705

Appellee in Trial Court:

The State of Texas

**Trial and Appellate Counsel**:

**Appellant**:

| | | |
|---|---|---|
| JOHN D. REEVES | **Trial** | Albert Charanza |
| Attorney at Law | | Attorney at Law |
| 1007 Grant St. | | P.O. Box 1825 |
| Lufkin, Texas 75901 | | Lufkin, Texas 75902 |
| Phone: (936) 632-1609 | | Phone: 936/634-8568 |
| Fax: (936) 632-1263 | | SBOT: 21361500 |
| SBOT # 16723000 | | |
| tessabellus@yahoo.com | | |

**Appellee**:

| | | |
|---|---|---|
| April Perez | **Trial** | Deborah Moore |
| Asst. Angelina Dist. Atty. | | Angelina District Atty. |
| P.O. Box 908 | | P.O. Box 908 |
| Lufkin, Texas 75901 | | Lufkin, Texas 75901 |
| Phone: 936-632-5090 | | Phone: 936/ 632-5090 |
| SBOT# 24090975 | | SBOT #24037134 |

ii

.

# TABLE OF CONTENTS

Page:

IDENTITY OF PARTIES AND COUNSEL…………………………………… .ii

TABLE OF CONTENTS…………………………………………….......  iii

INDEX OF AUTHORITIES……………………………………………... iv,v

STATEMENT OF THE CASE…………………………………………….1-2

STATEMENT OF JURISDICTION……………………………………......2

ANDERS ISSUE'S CONSIDERED………………………………….....2-3

STATEMENT OF FACTS …………………………………………………3-5

SUMMARY OF THE ARGUMENT ……………………………….......5-6

ARGUMENT……………………………………………………..6-13

CONCLUSION AND PRAYER…………………………………….....13

CERTIFICATE OF COMPLIANCE………………………………………..14

CERTIFICATE OF SERVICE…………………………………………...14

# INDEX OF AUTHORITIES

Page:

**U.S. Supreme Court Cases**

Anders v. California , 386 U.S. 738, (1967) ………………….………………1

Strickland v. Washington, 466 U.S. 668, (1984) ...................................................11,12

**Fifth Circuit**

Nero v. Blackburn, 597 F.2d 991,  (5th Cir. 1979)  ................................................13

**Texas Cases**

Caron v. State, 162 S.W.3d 614……………………………………………….8

Dinkins v. State, 894 S.W.2d 330,  (Tex. Crim. App. 1995)............................8

Euler v. State, 158 S.W. 3d 88,  (Tex. Crim. App. 2007) ................................11

Harris v. State, 656 S.W. 2d 481,  (Tex. Crim. App. 1983)...................................11

Hernandez v. State, 998 S.w. 2d,770 (Tex Crim App 1990)…….…………….13

Jackson v. State, 287 S.W.3d 346, (Tex. App.-Houston [14th Dist.] 2009, no pet.).8

Jackson v. State, 877 S.W. 2d 768,  (Tex. Crim. App. 1994)...............................12

Jordan v. State, 495 S.W. 2d 949, (Tex. Crim. App. 1973)..................................11

Kniatt v. State, 206 S.W.3d 657,  (Tex. Crim. 2006.................................................7

Ladd v. State, 3 S.W.3d 547,  (Tex. Crim. App. 1999)............................................11

iv.

.

McFarland v. State, 928 S.W. 2d 482,  (Tex. Crim. App. 1996)............................12

Montgomery v. State, 810 S.W.2d 372,  (Tex. Crim. App.1990)...........................9

Rhoades v. State, 934 S.W.2d 113,  (Tex. Crim. App.1996)................................10

Rodriguez v. State, 203 S.W.3d 837,  (Tex. Crim. App.2006)..............................9

## RULES AND OTHER AUTHORITIES

U.S. Const. Amend. VIII .................................................................10

 U.S. Const. Amend.  XIV................................................................10

 Texas  Rules  of  Appellate  Procedure,  Rule  33.1................................................1

Texas  Code  of  Criminal  Procedure  Article  26.13  ...........................................7

Texas Penal Code sec. 12.34…………………………………………………….10

Texas Penal Code sec. 38.04…………………………………………………10,11

.

_____

**12-16-00073-CR**
_____


**IN THE COURT OF APPEALS
FOR THE TWELFTH JUDICIAL DISTRICT
TYLER, TEXAS**
_____


RICHARD KAY

v.

The State of Texas


APPEAL FROM THE 159th JUDICIAL DISTRICT COURT
OF ANGELINA COUNTY, TEXAS


**ANDERS BRIEF OF APPELLANT
RICHARD KAY**


TO THE HONORABLE COURT OF APPEALS:

COMES NOW, RICHARD KAY, Appellant, pursuant to Texas Rules of

Appellate Procedure, Rule 33.1 by and through his attorney of record, John D.

Reeves, who respectfully submits this Anders brief for Appellant and would show

as follows:

**STATEMENT OF THE CASE**

Appellant was charged by indictment in the July/September 2015 term of the

Angelina County Grand Jury with the offense of evading arrest or detention with a

.

vehicle allegedly committed on 2nd day of August 2015.( Cause # 2015-0735,)(RR Vol.3 p.18) ( CR p.18,19) Appellant pled guilty, without a plea bargain on February 8,2016. ( RR Vol.3p.18) A sentencing hearing before a jury occurred on February 9,2016( RR Vol. 5) Appellant was sentenced to ten (10) years in The Department of Criminal Justice , Institutional Division in Cause No.2015-0735 (RR Vol.5 p.142)(CR p.90,91). John Reeves was appointed to do the appellant's appeal on March 16, 2016. (CR p.91) Notice of Appeal was filed on March 11, 2016. (CR 88,92) An amended notice of Appeal was filed on March 29,2016.( CR 94,95) On April 6, 2016 a Request for the Clerks Record and Reporters Record was filed. (CR p. 97-98) ) On February 12, 2016 a Trial Court Certification of Appeal was signed by the trial court which accurately certified the appellant had a right to appeal. (CR p.82)

## STATEMENT OF JURISDICTION

The trial court certified appellant had the right to appeal sentencing on February 9, 2016.

## ANDERS' ISSUES CONSIDERED

1. **Is appellant's plea of guilty free and voluntary and accepted by the trial court with proper admonishment to the appellant?**

2.                               2.

.

**2.** **Is there error regarding the admission into evidence of the two States' Exhibits or the testimony?**

**3.** **Is the sentence of the trial court disproportionate in violation of the Eighth Amendment and Fourteenth Amendments to the United States Constitution?**

**4.** **Did trial counsel provide ineffective assistance concerning appellant's sentencing hearing?**

## STATEMENT OF FACTS

On February 8, 2016, the case was called for trial and Appellant pled guilty to the offense of evading arrest or detention with a vehicle. (RR Vol. 3 p. 18) The trial court and Appellant confirmed that he was entering his guilty plea freely and voluntarily without any promises or representations as to a specific outcome for pleading guilty. (RR Vol. 3 p. 19-20) Appellant also stated that he was mentally competent and knew what he was doing when pleading guilty. (RR Vol. 3 p. 20) The plea before the court was without the benefit of a plea agreement. (RR Vol. 5 p. 147) The trial court instructed the jury, based on Appellant's plea of guilty, to find Appellant guilty of the offense of evading arrest or detention with a motor

3.

vehicle. (RR Vol. 5 p. 74-75) The jury found Appellant guilty of evading arrest. (RR Vol. 5 p. 112)

The State called Lufkin Police Officer Jason Vance to testify. (RR Vol. 3 p. 32) Officer Vance testified that after determining Appellant was going 67 miles per hour in a 50 mile per hour zone, he and Officer Hawkins initiated a traffic stop. (RR Vol. 3 p. 34-35) After coming to a stop, Appellant waited until Officer Vance and Officer Hawkins approached the vehicle and then accelerated and drove off and Officer Vance and Hawkins pursued Appellant. (RR Vol. 3 p. 35-36)

The State offered State's Exhibit 2, Officer Vance's in-car video, without objection and it was admitted. (RR Vol. 3 p. 45-46) The in-car video showed the truck driven by Appellate as Officer Vance pursued it. (RR Vol. 3 p. 46)

The State then called Sergeant Willmon with the Angelina County Sheriff's Office. (RR Vol. 3 p. 53) Sergeant Willmon identified State's Exhibit 8 as a picture of the vehicle that he was pursuing as it evaded law enforcement. (RR Vol. 3 p. 74) The State offered State's Exhibit 8 without objection and it was admitted. (RR Vol. 3 p. 74) Sergeant Willmon also identified the driver of the truck that was evading law enforcement as Appellant. (RR Vol. 3 p. 76)

On cross-examination, Sergeant Willmon testified that the driver, Appellant, was the one evading in the motor vehicle. (RR Vol. 4 p. 17)

4.

.

At sentencing on February 9, 2016. the State called Trooper David Flowers with the Texas Department of Public Safety Highway Patrol Division. (RR Vol. 5 p. 117) Trooper Flowers testified that he was involved in a chase of a white extended cab truck who was evading arrest. (RR Vol. 5 p. 118) Trooper Flowers stated he decided to use deadly force to try to stop the evading vehicle because of the erratic driving behavior of the driver. (RR Vol. 5 p. 119) Trooper Flowers said the driver of the evading vehicle was all over the road, in and out of traffic, did not seem to care if he ran people off the road, and did not want willingly want to stop the vehicle. (RR Vol. 5 p. 120) There was no cross-examination by Defense Counsel. The State then rested. (RR Vol. 5 p. 124) The Defense then rested. (RR Vol. 5 p. 125)

The jury found Appellant guilty of evading arrest and assessed punishment at 10 years TDC-ID and a fine of $5,000. (RR Vol. 5 p. 142)

## SUMMARY OF THE ARGUMENT

Four issues are presented as a basis for appeal, which is stated in Anders Issues considered. The first issue is whether Appellant's plea of guilty was entered freely and voluntarily and whether the trial court properly admonished the appellant? Appeal counsel finds the trial court properly admonished Appellant and

that Appellant's plea of guilty was free and voluntary and that Appellant was not under the influence of any substance nor was there any issue of appellant's competence. Secondly, appeal counsel considers the admissibility of the State's two exhibits and the testimony put on by the State. Counsel finds all were admitted without objection. Thirdly, counsel considers whether the sentence rendered by the trial court was disproportionate in violation of the U.S. Constitution. There was no objection made in the trial court as to the sentence rendered. The sentence in this case is within the parameters of the Texas Penal Code regarding punishment for a third degree felony. Lastly, appeal counsel considers whether trial counsel was ineffective. The record reveals trial counsel conducted cross-examination of the State's witnesses and found no basis of trial counsels ineffectiveness.

## ARGUMENT

## 1.

**Was Appellant's plea of guilty free and voluntary and accepted with proper admonishment to the appellant?**

Appellant entered a plea of guilty to the allegation contained in the State's indictment of evading arrest or detention with a motor vehicle. (RR Vol. 3 p. 18) The record shows there was no plea bargain. (RR Vol. 5 p. 147) The trial court

inquired of whether the appellant's plea of guilty was freely and voluntarily made and accepted his plea of guilty. (RR Vol. 3 p. 19-20) Appellant also stated that he was mentally competent and knew what he was doing when pleading guilty. (RR Vol. 3 p. 20) The jury found Appellant guilty of evading arrest. (RR Vol. 5 p. 112) The jury assessed punishment at 10 years and a fine of $5,000. (RR Vol. 5 p. 142) Admonishments are required by Article 26.13 Texas Code of Criminal Procedure. As such, to be "voluntary," a plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. See, Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006)

The record shows that appellant acknowledged that he was aware of the consequences of entering a plea of guilty. (RR Vol. 3 p. 19-20) Appellant stated that he was mentally competent and knew what he was doing when pleading guilty. (RR Vol. 3 p. 20) Having reviewed the entire record, appellate counsel does not find appellant's plea of guilty was involuntary. Appellate counsel believes the record establishes that appellant entered a free and voluntary plea of guilty after proper admonishment by the trial court.

**2.**

**Is there error in the admission of State's two exhibits?**

To preserve error for appellate review, a defendant must timely object to the error during trial. Tex. R. App. P. 33.1(a). If the objection is overruled, the defendant has preserved error. When the objection is sustained, and the defendant desires to preserve argument that the error incurably affected his right to a fair trial, he should request an instruction to disregard and move for a mistrial. See Jackson v. State, 287 S.W.3d 346, 353-54 (Tex. App.-Houston [14th Dist.] 2009, no pet.). Failure to request additional relief after an objection is sustained preserves nothing for review. Caron v. State, 162 S.W.3d 614, 617 (Tex. App.-Houston [14th Dist.]2005, no pet.). Generally it is held that a timely objection must be made in order to preserve an error in the admission of evidence. Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995).

The State offered State's Exhibit 2, Officer Vance's in-car video, without objection and it was admitted. (RR Vol. 3 p. 45-46) The in-car video showed the truck driven by Appellate as Officer Vance pursued it. (RR Vol. 3 p. 46) The State offered State's Exhibit 8, a picture of the vehicle that Sergeant Willmon was pursuing as it evaded law enforcement and it was admitted without objection. (RR Vol. 3 p. 74) There was no objection made by either side during the plea. (RR Vol. 3 p. 18) Further, there was no objection by either side during the sentencing phase

8.

when Trooper Flowers testified about the erratic and dangerous behavior of Appellant. (RR Vol. 5 p. 117-124)

There is no basis for arguing an erroneous admission of either of the State's exhibits, nor to the testimony offered. Thus, appeal counsel does not reach an issue of whether the substantial rights of the appellant were disregarded. In reviewing the trial court's decision to admit or exclude evidence and whether there was an abuse of discretion, it has generally been determined that the trial court is in the best position to decide questions of admissibility, and the rulings will be upheld if a trial court's decision to admit or exclude evidence is "within the zone of reasonable disagreement when reviewed under an abuse of discretion standard. See, Rodriguez v. State, 203 S.W.3d 837, 841 (Tex. Crim. App.2006); Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App.1990). Appeal counsel believes there was no preserved error regarding the two exhibits offered by the State in regards to the evading charge. As such, appeal counsel finds there is no harm in relation to the record to subvert the substantial right of Appellant to require a reversal of the trial court's sentence.

**9.**

.

**3.**

**Was the sentence of ten years and a $5,000 fine a disproportionate sentence in violation of the Eighth and Fourteenth Amendments to the United States Constitution?**

The sentence of ten years in the ID-TDCJ and a $5,000 fine was within the penalty range of two to ten years and a fine not to exceed $10,000 for a third degree felony. In this matter there was no objection to the trial court concerning the sentence. RR Vol. 5 p. 145) There was no allegation or complaint that the sentence is grossly disproportionate, constituting cruel and unusual punishment, and as such the error if any was not preserved for review. (RR Vol. 5 p. 145-146)  See, Tex .R. App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 119-20 (Tex. Crim. App. 1996). Here, after the trial court announced its ten year sentence and a $5,000 fine at the punishment phase, Appellant made no objection to the trial court about the punishment assessed and did not assert his claim under the Eighth Amendment and the Texas Constitution in the trial court. (RR Vol. 5 p. 145-146) The trial courts punishment of ten years and a $5,000 fine falls within the range set forth by the Texas Legislature. (TPC 12.34)

The pertinent provision of the Texas Penal Code 38.04 defines the punishment.

10.

.

Sec. 38.04.  EVADING ARREST OR DETENTION.  (a)  A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.

Text of subsection as amended by Acts 2011, 82nd Leg., R.S., Ch. 920 (S.B. 1416), Sec. 3

(b)  An offense under this section is a Class A misdemeanor, except that the offense is:
(2)  a felony of the third degree if:
(A)  the actor uses a vehicle while the actor is in flight;

Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. Harris v. State, 656 S.W. 2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W. 2d 949, 952 (Tex. Crim. App. 1973) Appeal counsel believes Appellant has waived his cruel and unusual punishment complaints. See, Ladd v. State, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999) There is no evidence that the Appellant's sentencing process did not provide fundamental fairness. U.S. Const., Amend XIV.  Euler v. State, 158 S.W. 3d 88, 91 (Tex. Crim. App. 2007)

**4.**

**Was trial counsel's representation ineffective?**

The standard promulgated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984) requires a two step analysis. First it requires a demonstration that trial counsel's representation fell below an objective standard of

11.

.

reasonableness under prevailing professional norms. To satisfy this requirement appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. McFarland v. State, 928 S.W. 2d 482, 500 (Tex. Crim. App. 1996) This Honorable court then will judge a claim of ineffectiveness based on the totality of the representation. Strickland, supra, 466 U.S. at 695-96, 104 S. Ct. at 2069. The presumption is that trial counsel was effective. See, Jackson v. State, 877 S.W.2d 768,771 (Tex. Crim. App. 1994). Trial counsel did cross-examine the State's witnesses. (RR Vol. 3 p. 52); (RR Vol. 4 p. 22-28, 29-31); (RR Vol. 4 p. 40-42, 43-44); (RR Vol. 4 p. 60-63); (RR Vol. 5 p. 8-12); (RR Vol. 5 p. 19-20) There is no basis to determine trial counsel's strategy or to ascertain of what value it might have been if trial counsel had called Appellant to testify. The other witnesses' testimony supported the evidence of the elements of the offense. (RR Vol. 3 p. 35-36, 37-38, 40,42, 46,49-51); (RR Vol. 3 p. 55-62, 74-76) Appeal counsel does not find support from the record to argue "but for" trial counsels decisions in the sentencing hearing there would have been a different result.

In reviewing the totality of trial counsel's representation and presentation of evidence as considered above, the record does not present evidence of trial counsel falling below the objective standard of reasonableness and professional

12.

.

norms. <u>Strickland,</u> supra. Also, see <u>Hernandez v. State</u>, 998 S.W. 2d 770, 772 (Tex. Crim. App. 1999).  Further, appellant counsel does not find a single egregious error or omission that will constitute ineffective assistance., <u>Nero v. Blackburn,</u> 597 F.2d 991 (5th Cir. 1979)  Appellate counsel offers this Anders Brief.

**<u>CONCLUSION AND PRAYER</u>**

WHEREFORE, PREMISES CONSIDERED, Appellant's counsel respectfully requests, as relief, that he be allowed to withdraw  as this appeal is frivolous and so advise Appellant so that he may pursue a pro se brief if he so desires, or alternatively to appoint other counsel for Appellant in the prosecution of this appeal.

Respectfully considered,

/s/John D. Reeves

JOHN D. REEVES
Attorney at law
1007 Grant St.
Lufkin, Texas 75901t
Phone: (936) 632-1609
Fax: (936) 632-1640
SBOT # 16723000
Email: tessabellus@yahoo.com
ATTORNEY FOR APPELLANT

13.

.

## CERTIFICATE OF COMPLIANCE

I, John D. Reeves Counsel for appellant hereby certify that this brief exclusive of the rule provisions that do not provide counting contains 2,378 words.

*/S/ John D. Reeves*
John D. Reeves

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Brief on 6th day of July , 2016 been forwarded to the State's Counsel, April Perez, Assistant District Attorney of Angelina County, P.O. Box 908, Lufkin Texas, 75901 by email to aperez@angelina county.net.

/s/John D. Reeves

John D. Reeves
Attorney for Appellant, Richard Kay

14.

.



# JOHN D. REEVES
## ATTORNEY AT LAW

1007 Grant St.   •Lufkin, Texas 75902-0119
(936) 632-1609 telephone • (936) 632-1640 facsimile

**Wednesday – July 6, 2016**

**Certified Mail 7013 2250 0000 9285 8732**

**Attn:**   RICHARD KAY Appellant,
TDC # 02051575
Gist State Jail
3295 FM 3514
Beaumont, Texas 77705

**ATTORNEY CLIENT COMMUNICATION PRIVILEGED**

RE: Appeal in Cause No. 2015-0735, In the Twelfth Court of Appeals, Tyler, Texas No.12-16-00073-CR.

Dear Mr. Kay:,

Enclosed you will find a copy of the brief I filed with the Twelfth Court of Appeals on your behalf. I have carefully and diligently studied the entire record in your case and have formed a good faith opinion that there are no issues available to support an appeal but you have the right to make your own arguments to the court.

As you are aware, I was appointed by the court to represent you on appeal. An appeal is based solely on the transcript and exhibits entered into evidence during your trial. In your case, your plea and sentencing hearing. **As is provided to you, you have the Clerk's Record and a Copy of the Court Reporter's record.**

**I am sending this letter to you by certified mail so that you can become aware of your appellate rights and your right to file a pro se brief.** The Court of Appeals wants to be sure you have a copy of this letter so that if you want to file a pro se brief you may do so.

You have the right to file a pro se brief using the issues in the brief I filed or any other issues you desire to file by filing a pro se brief within thirty days, and you also have the right to file a petition for discretionary review. I will further explain these two rights.

.

A brief to the appellate court is to address those areas which the appellate court might correct upon their review of the record, which again means the entire transcript of the entire plea or sentencing hearing proceeding which occurred in your case. Again, I have carefully and diligently studied the entire record in your case and have formed a good faith opinion that there are no issues available to support an appeal but you have the right to make your own arguments to the court.

You may still make an argument that the trial court' sentence was in error or that your previous attorney did not help in your case. However you have to support your argument based on the record I have provided you.

 Since you were sentenced within the parameters set forth by the Texas Legislature, I found no error contained in the record for which I believe I can appeal your sentence.

I do not find in my opinion that an error occurred which would support a good faith appeal. However, as your attorney, I am required to so inform you of that because my legal obligation is to the court to make only arguments and present only issues which in good faith have some merit, or stated another way, have some chance to gain you a favorable ruling.

In circumstances such as yours, where an attorney in good faith can find no meritorious argument for appeal, the attorney's duty is to present that finding to the Court of Appeals. That duty is satisfied by filing what is known as an "Anders" brief. In short, an Anders brief informs the court that appellate counsel has studied the record and believes in good faith that no issues arose out of the trial upon which to base an appeal.

Additionally, I am obligated to inform you of your pro se rights under the law when the necessity for an Anders brief is encountered. You have the following pro se rights under the law:

1. **You have the right to review the record and trial transcript provided to you. You have the right to file a brief on your own behalf to point out errors you feel are worthy of review by the Court of Appeals**
2. **You have ( 30) thirty days from the date the Court of Appeals files the brief (generally 30 days from the date of this letter, in which to submit your own brief, or to request additional time through a Motion to Extend Time filed with the Court of Appeals, in which**
3. **However, if you choose to file your own brief, you must identify the issues and errors that you believe the Court of Appeals should consider.**

As explained above, the Anders brief gives you the right to present issues and write your own brief, however you must also follow procedures and timeliness guidelines.

Additionally, you should immediately notify the Twelfth Court of Appeals, in Tyler, Texas that you have received my letter informing you that I am filing an Anders brief. If you intend to write your own brief, you must inform them of your intent in writing and request an

.

extension of time so that you may have further time to review the record and prepare a brief. The address is :

Ms. Cathy S. Lusk, Clerk
1517 West Front Street Suite 354
Tyler, Texas 75702

RE: Case No. 12-16-0073-CR
Trial Court Case No. CR 2015-0735
Richard Kay v. State of Texas

If you use the format for my "Anders" brief as your guide that should be a satisfactory format for your brief if you so decide to proceed on your own. You must specifically point out to the court whatever issues or problems you are asking the court to consider.

**If you do not choose to file a pro se brief then <u>after</u> the Court issues its ruling you, if you disagree, then you may consider filing a Pro Se Petition for Discretionary Review (PDR).** I must advise you that you will have thirty days from **their ruling** on your case to file a Pro See Petition for Discretionary Review (PDR). You may also file a Motion for Rehearing to extend your time to file the PDR.

I am enclosing a copy of Rule 68 of the Appellate Rules of Procedure. You may ask for an extension of time to file the PDR if you choose to do so which is provided by the rules, if necessary.  The PDR should be filed with the Clerk of the Twelfth Court of Appeals. Although the PDR is addressed to the Texas Court of Criminal Appeals it must be mailed to the Clerk of the Twelfth Court of Appeals for that Court's consideration first. The mailing address for you to mail it the same one I provided above.

There are strict guidelines which must be followed regarding the filing of a PDR. As previously stated I am enclosing a copy of the rules so that you may read them and comply with them.

.

I regret that I could not be of more service to you and the delay in conducting a thorough review of your case, however, I assure you that in reviewing this record I have attempted to again provide you with all the constitutional protections afforded you. I wish you the best now and in the future. If you need to ask any questions please write me.


Sincerely,


John D. Reeves
Attorney at Law

.