*1210-15*

PD-1210-15

ORIGINAL

COURT OF APPEALS NO. 03-13-00687-CR

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

---

JESUS VILLALOBOS,
Appellant/Petitioner

v.

THE STATE OF TEXAS,
Appellee/Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 12 2015

Abel Acosta, Clerk

---

On appeal from the Third Court of Appeals
Austin, Texas

---

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

NOV 13 2015

Abel Acosta, Clerk

---

JESUS VILLALOBOS
PETITIONER
TDCJ No. 01890616
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

# TABLE OF CONTENTS

Page

Index of Authorities.............................................ii

Statement Regarding Oral Argument................................1

Statement of the Case............................................2

Statement of Procedural History..................................3

Questions Presented for Review...................................3

Argument.........................................................3

Prayer..........................................................13

Certificate of Service..........................................14

Appendix

    Court of Appeals' Memorandum Opinion

i

# INDEX OF AUTHORITIES

CASES                                                                    Page

Broderick v. State, 35 S.W.3d 67 (Tex. App.-Texarkana 2000).....6

Cuyler v. Sullivan, 446 U.S. 335 (1980)........................4

Evitts v. Lucey, 469 U.S. 387 (1985)..........................4

Ex parte Welborn, 785 S.W.2d 391 (Tex. Crim. App. 1990)........10

Fuller v. State, 224 S.W.3d 823 (Tex. App.-Texarkana 2007)...8,11

Garcia v. State, 792 S.W.2d 88 (Tex. Crim. App. 1990)..........6

Hernandez v. State, 998 S.W.2d 770 (Tex. Crim. App. 1999).......5

Ramirez v. State, 301 S.W.3d 410 (Tex. App.-Austin 2009)........5

Saucedo-Zavala v. State, No. 03-13-00477-CR (Tex. App.-Austin 2014)..10

Schutz v. State, 957 S.W.2d 52 (Tex. Crim. App. 1997)...........8

Strickland v. Washington, 446 U.S. 668 (1984).............4,5,10

Villalobos v. State, No. 03-13-00687-CR (Tex. App.-Austin 2015).3

CONSTITUTIONAL PROVISIONS

U.S. CONST. amend. VI..........................................4

STATUTES

TEX. CODE CRIM. PROC. art. 38.072..................3,6,7,11,12,13

TEXAS RULES OF EVIDENCE

TEX.R.EVID. 608................................................8

TEX.R.EVID. 609................................................8

ii

PD-1210-15

COURT OF APPEALS NO. 03-13-00687-CR

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

---

JESUS VILLALOBOS,
    Appellant/Petitioner

v.

THE STATE OF TEXAS,
    Appellee/Respondent

---

On appeal from the Third Court of Appeals
Austin, Texas

---

PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

JESUS VILLALOBOS, Appellant/Petitioner, petitions the Court to review the decision affirming the judgment and sentence in case number 03-13-00687-CR.

STATEMENT REGARDING ORAL ARGUMENT

Because the issues, facts, legal authorities and arguments pertinent to the instant petition are adequately addressed in this brief, Petitioner respectfully asserts that the Court's decisional process would not be significantly aided by oral arguments. Accord-

1

ingly, Petitioner does not request oral argument.

## STATEMENT OF THE CASE

Petitioner was charged by indictment in this cause on March 12, 2013. The indictment contained three counts. Count I alleged that Petitioner committed the offense of continuous sexual abuse of a child. Count II alleged that Petitioner committed the offense of indecency with a child by contact and Count III alleged that Petitioner committed the offense of indecency with a child by exposure. (CR1:16-17). Jury selection occurred on October 14, 2013. (RR2:11-189). On October 15, 2013, Petitioner entered a plea of not guilty. (RR3:30). On October 16, 2013, after hearing the evidence and the argument from counsel, the jury deliberated and returned a verdict of guilty to Count I (continuous sexual abuse of a child) and Count II (indecency with a child by contact). The jury also found Petitioner guilty of two lesser-included offenses (aggravated sexual assault of a child and indecency with a child by contact). However, the trial court vacated the guilty verdicts for the two lesser-included offenses. (RR4:38-39). On October 16,2013, after hearing the evidence and argument from counsel, the jury assessed Petitioner's punishment at Life imprisonment for Count I of the indictment and twenty (20) years imprisonment for Count II of the indictment. (CR1:83-88). Petitioner was sentenced that day. (RR4:73-74; CR1:89-90, 92-93). A motion for new trial was filed on October 25, 2013. (CR1:104-06). Notice of appeal was filed on October 16, 2013. (CR1:68). The trial court's certification of defendant's right to appeal was filed on October 16, 2013. (CR1:82).

2

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals for the Third District of Texas issued a memorandum opinion on August 26, 2015. The Court affirmed Mr. Villalobos' judgments and sentences. **Villalobos v. State**, No. 03-13-00687-CR (Tex.App.-Austin August 26, 2015).

## QUESTIONS PRESENTED FOR REVIEW

1. Did Petitioner's trial counsel render ineffective assistance of counsel?

2. Did the trial court err in failing to conduct the hearing mandated by Art. 38.072, V.A.C.C.P., to determine which one, if any, of the four outcry witnesses named by the State was a true outcry witness?

## ARGUMENT

This case presents two questions, one constitutional, ripe for review. In overruling Petitioner Jesus Villalobos' first point, which concerns the ineffective assistance of trial counsel, the Third Court of Appeals issued a decision that decides an important question of state and federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States. In overruling Mr. Villalobos' second point, which concerns the trial court's failure to conduct a mandatory hearing, the Third Court of Appeals issued a decision that appears to misconstrue a statute.

### Ineffective Assistance of Counsel Issue

In affirming the trial court's decision concerning trial counsel's acts and omissions, the Third Court of Appeals issued a decision that decides an important question of state and federal law in

3

a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States. The State argued that the record on appeal was not sufficient to show that counsel's representation was constitutionally deficient. In actuality, there were nine seperate acts or omissions presented in the appeal. For some issues, the record was sufficient to address the issue of ineffective assistance of counsel. When analyzing this issue, the Third Court of Appeals overlooked the case law most on point, and relied instead on a blanket decision to deny relief.

Every criminal defendant is entitled to the effective assistance of counsel. Sixth Amendment, United State's Constitution. "That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command . . . . An accused is entitled to be assisted by an attorney, whether retained or appointed who plays the role necessary to ensure that the trial is fair." **Strickland v. Washington**, 446 U.S. 668, at 685 (2984). "Because the right to counsel is so fundamental to a fair trial, the Constitution cannot tolerate trials in which counsel, though present in name, is unable to assist the defendant to obtain a fair decision on the merits." **Evitts v. Lucey**, 469 U.S. 387, 395 (1985). "Unless a defendant charged with a serious offense has counsel able to invoke the procedural and substantive safeguards that distinguish our system of justice, a serious risk of injustice infects the trial itself. When a State obtains a criminal conviction through such a trial, it is the State that unconstitutionally deprives the defendant of his liberty." **Cuyler v. Sullivan**, 446 U.S. 335, 343 (1980).

4

Claims of ineffective assistance of counsel are governed by the United States Supreme Court's decision in **Strickland v. Washington**, 466 U.S. 668 (1984). The **Strickland** standard applies in noncapital sentencing proceedings. **Hernandez v. State**, 998 S.W.2d 770 (Tex. Crim. App. 1999); see also **Ramirez v. State**, 301 S.W.3d 410 (Tex. App.-Austin 2009, no pet.). Under the two-pronged **Strickland** standard, a defendant must show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome. **Strickland**, 466 U.S. at 687-88.

## A. Deficient Performance

A review of the trial court record in this cause shows numerous instances of deficient representation which seriously damaged Petitioner's right to a fair trial. Individually and certainly collectively, these incidents show that Petitioner's trial attorneys had no grasp of the law related to the offense of continuous sexual abuse of a child and indecency with a child by contact, had no grasp of the Rules of Evidence, had no grasp of the Texas Code of Criminal Procedure and had hot thought out proper trial strategy for either the guilt-innocence or punishment phase of the trial. The end result was that Petitioner's trial counsels' performance demonstrated a complete lack of ability to fairly represent Petitioner that resulted in Petitioner being denied a fair trial. A review of the trial performance by Petitioner's trial counsel clearly shows a deficient performance that in no way could be classified as reasonable conduct and as such resulted in an unreliable or fundamentally unfair outcome. Listed below are the worst incidents of deficient

5

representation that occurred during Petitioner's trial.

### (1) Failure to Request a Hearing to Determine Who the Outcry Witness Was

Prior to trial, the State filed the State's Notice of Intent to Introduce Outcry Statement in accordance with Art. 38.072, V.A. C.C.P. (CR1:27-29). In its notice the State listed four outcry witnesses: the child's mother Sabrina Villalobos, Officer L. Toporek of the Pflugerville Police Department, Sexual Assault Nurse Examiner Linda Galvin, and forensic interviewer Megan Webb.

Art. 38.072, V.A.C.C.P. allows the admission of a hearsay statement made to an outcry witness by certain abuse victims, including a child victim of a sexual offense. The outcry witness if the first person over the age of 18, other than the defendant, to whom the child spoke about the offense. Art. 38.072, Sec. 2(a), V.A.C.C.P. The statement must be "more than words which give a general allusion that something in the area of child abuse is going on;" it must be made in some discernable manner and is event-specific rather than person-specific. **Garcia v. State**, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). Hearsay testimony from more than one outcry witness may be admissible under Art. 38.072 only if the witnesses testify about different events. **Broderick v. State**, 35 S.W.3d 67, 73-74 (Tex. App.-Texarkana 2000, pet. ref'd). There may be only one outcry witness per event. **Id.** In order to invoke the statutory exception, the party intending to offer the statement must notify the adverse party of the names of the outcry witnesses and a summary of their testimonies. The trial court **must** conduct a reliability hearing of the witnesses outside the presence of the jury, and the child victim must testify

or be available to testify at the proceeding. **Art. 38.072, Sec. 2 (b), V.A.C.C.P.**

Here, no reliability hearing was conducted, nor did Petitioner's trial counsel request such a hearing. As a result, three witnesses: the child's mother (Sabrina Villalobos), Officer Lana Toporek of the Pflugerville Police Department and forensic interviewer Meagan Webb were all allowed to testify as to the hearsay statements of Amelia (a pseudonym) as she related the story of the abuse she allegedly suffered. Because no reliability hearing was conducted, the testimony of two of these witnesses constituted inadmissible hearsay and should not have been heard by the jury. This inadmissible testimony constituted improper bolstering of Amelia's testimony and allowed the jury to hear multiple witnesses repeat hearsay statements they heard from the child. The effect was that the jury was bombarded by repeated restatements of Amelia's story. There is no reasonable trial strategy to explain trial counsel's failure to request a hearing under Art. 38.072, V.A.C.C.P.

### (2) Failure to Object When Officer Toporek Testified that the Alleged Victim was Very Sincere About Everything

After Officer Toporek was improperly allowed to repeat everything that Amelia had told her, she went on to testify to the following:

> "A. I mean, she probably cried actual tears the whole time. Her voice was quivering. Her body language was -- she was closed off on herself, very protective of herself. She would reach out to me and put her arms around me and hold my hand and those types of things, but she was shaking and **very sincere about everything**. I mean, she was just like a scared little girl."

(RR3:141) (emphasis added).

7

As noted earlier in this point of error, testimony regarding a witness's truthfulness is clearly inadmissible. **Fuller v. State**, supra; **Schutz v. State**, 957 S.W.2d 52 (Tex. Crim. App. 1997); **TEX. R.EVID.** 608. Defense counsel obviously had no grasp of the rules of evidence and offered his client no protection whatsoever to the State's continuous violations of evidentiary protections.

### (3) Failure to Object to Petitioner's Admission of His Prior DWIs in His Videotaped interview with Detective Wilson.

During his interview with Detective Wilson, Petitioner admitted that he had two prior arrests for driving while intoxicated. During the guilt-innocence portion of the trial, State's Exhibits 17 and 18, the video of Petitioner's entire interview with the detective were introduced into evidence. Petitioner's trial attorney voiced no objection to the introduction into evidence of his history of driving while intoxicated convictions. (RR3:228-30).

Rule 404(b) of the Texas Rules of Evidence provides in pertinent part that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." A competent criminal defense attorney should know that a jury is not entitled to hear evidence of his client's criminal history during the guilt-innocence phase of the trial unless his client testifies and opens himself up to impeachment with his prior criminal history. **TEX.R.EVID.** 609. In a situation such as was presented in this case, a competent criminal defense attorney would have requested the State to redact any mention of those prior DWI convictions from the videos before playing them to the jury. The trial judge would have supported a competent

8

criminal defense attorney's request and ordered it to be done. In Petitioner's case, however, his trial attorney never requested that the State redact this information from the videos nor did he object to the introduction of these extraneous offenses into evidence when State's Exhibits 17 and 18 were admitted into evidence.

There could be no reasonable trial strategy that would call for a defense attorney to sit silently by and allow the jury to hear about an inadmissible extraneous bad act his client had committed. At this stage of the proceedings - guilt-innocence - there was no conceivable reason that would allow these extraneous offenses to be admissible into evidence. Trial counsel was totally ineffective in protecting his client in this instance.

### (4) Making a Punishment Argument During His Closing Argument at Guilt-Innocence.

Perhaps the most egregious error that occurred during Petitioner's trial occurred during closing argument for the guilt-innocence phase of the trial. After prosecutor Kim Williams gave her closing argument on the question of guilt/innocence, Petitioner's trial counsel gave the following argument in pertinent part:

> "There's plenty to choose from. There's from 5 to 99 and 2 to 20. There's all kinds of numbers you can do, but what can we do that saves a little bit -- that saves a little bit of us, that saves a little bit of those twins, that saves a little bit of humanity. I don't know. I couldn't argue to you this, give him a short sentence would be best. I wouldn't dare. I don't know that sending him to prison for the rest of his life is any better and if we gain anything else from that. Is he really a threat to society at 45, 46, 47 years old? In 25 years -- I mean that's a life sentence...I know whatever y'all decide will be right...

(RR4:23-25).

Immediately after defense counsel's closing, the second pros-

9

ecutor, Jeremy Sylestine, commented on defense counsel's totally improper closing:

> Maybe Mr. Jenkins has forgotten that we have not found his client guilty yet. There's another step before we get to what the punishment may be in this case.

(RR4:25-26) (emphasis added).

An effective trial attorney must be familiar with trial procedure. **Ex parte Welborn**, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Here it is obvious from the record that trial counsel had no clue as to what he was doing. Petitioner's case bears some semblance to the case of **Saucedo-Zavala v. State**, 2014 Tex.App. LEXIS 6245 (Tex. App.-Austin, No. 03-13-00477-CR, delivered June 11, 2014) and which the Third Court of Appeals reversed for ineffective assistance of counsel. Just as the trial counsel in **Saucedo-Zavala** had no clue as to what he was doing, Petitioner's trial counsel also had no idea what he was doing and his jury argument during guilt-innocence definately shows that.

Taken cumulatively, these failures by Petitioner's defense attorney demonstrated that his performance was deficient and he rendered ineffective assistance to Petitioner. Thus, Petitioner has satisfied the first prong of **Strickland**.

In this case, the State, because of the errors of defense counsel, was allowed to run uninhibited up and down the field. There was no testing of the State's case. Petitioner did not even receive the minimal standard of advocacy. The performance of Petitioner's trial attorney severely prejudiced his client's interests and therefore did affect the outcome of the case. Had trial counsel done his job, and been an effective advocate for his client, there is a reasonable

10

probability that the outcome of the punishment phase would have been different. The jury assessed Petitioner's punishment at the maximum -- Life imprisonment for Count I and twenty (20) years imprisonment for Count II. Counsel's performance severely prejudiced his own client's interests and did affect the outcome of the case. **Fuller v. State**, 224 S.W.3d 823 (Tex. App.-Texarkana 2007).

Having nominal representation at trial does not suffice to render a trial constitutionally adequate. A party whose trial counsel is unable to provide effective representation is in no better position than someone who has no counsel at all, and indeed when counsel performs as trial counsel did in this case, may be worse off. Here, Petitioner's trial attorneys harmed him significantly.

In sum, the Third Court of Appeals' decision decided an important question of state and federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States. Petitioner's trial counsel's performance was deficient and harmful. Consequently, Mr. Villalobos respectfully asks the Court of Criminal Appeals to grant review in this matter.

### Trial Court's Error in Failing to Conduct the Hearing Mandated by Art. 38.072, V.A.C.C.P. Issue

In overruling the trial court's error issue raised by Mr. Villalobos, the Third Court of Appeals issued a decision that appears to misconstrue a statute.

Art. 38.072, V.A.C.C.P. provides that an outcry statement of a child victim which would normally be hearsay, may be admissible as a hearsay exception under specific conditions. Specifically re-

11

garding sexual offenses, if the child was younger than 14 years of age at the time the acts were committed, statements that described the alleged offense are admissible if they were made by the child to the first person, eighteen years of age or older. **Art. 38.072, V.A.C.C.P.** Before the statement may be admitted into evidence, certain procedural steps must be taken. These are outlined in Art. 38.072, Sec. 3:

> "(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:
> (A) notifies the adverse party of its intention to do so;
> (B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and
> (C) provides the adverse party with a written summary of the statement;
> (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
> (3) the child...testifies or is available to testify at the proceeding in court or in any other manner provided by law."

**Art. 38.072, V.A.C.C.P.**

Petitioner's trial started on October 14, 2013. On August 14, 2013, the State gave notice that it intended to introduce outcry testimony. The State's notice listed four potential outcry witnesses and gave summaries of their expected testimony: Sabrina Villalobos (Amelia's mother), Officer Lana Toporek of the Pflugerville Police Department, Linda Galvan (the Sexual Assault Nurse Examiner) and Megan Webb (the forensic interviewer from the Center for Child Protection). (CR1:27-29). Thus the State complied with the requirements of the article. The trial court, however, failed to hold the hearing mandated by **Art. 38.072**. As a result, all of the listed

12

potential outcry witnesses were allowed to testify. Unfortunately, Petitioner's trial counsel failed to object to the lack of the hearing and then failed to object to the hearsay testimony of each of the four witnesses. These failures in his duty to protect his client are part of the argument under Question Number 1 dealing with ineffective assistance of counsel.

The requirement of the trial court to hold this hearing is mandated. Nothing in the statute requires that the defense ask that the hearing be held. Rather the holding of the hearing and a finding that the outcry statement is reliable is a requirement that must be made before the hearsay exception can occur. In addition, the trial court had the duty to determine which of the statements proffered by the State was the true outcry statement (the "first" statement). The trial court erred in failing to conduct the hearing and as a result, the jury was allowed to hear this inadmisssible and extremely damaging testimony not from just one witness, but from three other improper witnesses.

In short, the Third Court of Appeals' loose construction of Article 38.072 of the Texas Code of Criminal Procedure greatly overlooks the hearing mandated by the plain language of the article. As a result, Mr. Villalobos respectfully suggests that some guidance from the Court of Criminal Appeals is needed.

### PRAYER

For the reasons herein alleged, Petitioner Jesus Villalobos prays that this Court grant this petition and, upon reviewing the judgment entered below, reverse this cause and remand this case for a new trial, alternatively, a new trial on punishment.

13

Dated: **November 6, 2015.**

Respectfully submitted,

JESUS FLORES VILLALOBOS
PETITIONER
TDCJ No. 01890616
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing petition has been served by placing same in the United States Mail, postage prepaid, on the **6th** day of **November, 2015**, addressed to:

State Prosecuting Attorney
Mr. Jeffrey L. Van Horn
Post Office Box 13046
Austin, Texas 78711-3046

Travis County District Attorney
Ms. Rosa Theofanis
Assistant District Attorney
Post Office Box 1748
Austin, Texas 78767-1748

JESUS FLORES VILLALOBOS
PETITIONER

14

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00687-CR

### Jesus Villalobos, Appellant

### v.

### The State of Texas, Appellee

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-13-600008, THE HONORABLE CLIFFORD BROWN, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

A jury found appellant Jesus Villalobos guilty of continuous sexual abuse of a young child and indecency with a child by sexual contact for sexually abusing his stepdaughter.[1] *See* Tex. Penal Code §§ 21.02, 21.11(a)(1). The jury assessed appellant's punishment at confinement for life in the Texas Department of Criminal Justice-Institutional Division for the continuous sexual abuse and 20 years for the indecency. *See id.* §§ 21.02(h), 12.33. The trial court sentenced appellant in accordance with the jury's verdict, ordering the sentences to be served concurrently. On appeal, appellant complains about ineffective assistance of counsel at trial and the trial court's failure to

---

[1] The jury heard evidence that from the age of 11 until she was 14, appellant perpetrated various sexual acts against his stepdaughter, Amelia (a pseudonym), on numerous occasions, including "putting his fingers in her vagina" "a lot," "sucking on her boobs" "many times," and "licking inside and outside her vagina with his tongue" "multiple times." Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not further recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

conduct a reliability hearing pursuant to the outcry statute. Finding no reversible error, we affirm the trial court's judgments of conviction.

## DISCUSSION

### Ineffective Assistance of Counsel

In his first point of error, appellant contends that his trial attorneys rendered ineffective assistance at trial. He complains of nine actions or inactions on the part of trial counsel, including failing to file a motion to suppress until the day of trial, failing to object to certain questions propounded to the victim's mother, failing to request a hearing to determine the outcry witness, failing to preserve error regarding hearsay testimony from the police officer who interviewed the victim, failing to preserve error regarding hearsay testimony from the forensic interviewer from the children's advocacy center, failing to object to the interviewing officer's testimony about the victim's sincerity during the interview, failing to object to evidence concerning appellant's prior DWI offenses contained in the confession video, making a punishment argument during closing jury argument of the guilt-innocence phase, and failing to present any evidence during the punishment phase.

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307. The appellant must then show the existence of a reasonable

probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *see Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellate review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava*, 415 S.W.3d at 307–08; *see Strickland*, 466 U.S. at 686. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308. If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392.

Further, even if an appellant shows that particular errors of counsel were unreasonable, he must further show that they actually had an adverse effect on the defense. *Strickland*, 466 U.S. at 693–95; *Cochran v. State*, 78 S.W.3d 20, 24 (Tex. App.—Tyler 2002, no pet.). It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were of questionable competence. *Lopez v. State*, 343 S.W.3d 137,

3

142–43 (Tex. Crim. App. 2011). Further, merely showing that the errors had some conceivable effect on the proceedings will not suffice. *Strickland*, 466 U.S. at 693; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). The appellant must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error or by a portion of the trial, denied him a fair trial. *Strickland*, 466 U.S. at 695.

In this case, appellant filed a motion for new trial. However, he did not raise a claim of ineffective assistance of counsel in the motion. Thus, the record is silent as to why trial counsel acted or failed to act in the manner that appellant now complains about on appeal. The record is silent as to whether there was a strategic reason for counsels' conduct or what the particular strategy was. Consequently, the record before this Court is not sufficiently developed to allow us to evaluate those supposed improper actions or failures to act because "[n]either [his] counsel nor the State have been given an opportunity to respond to" the claims of ineffectiveness. *See Menefield*, 363 S.W.3d at 593. Nevertheless, we address appellant's assertions regarding ineffective assistance.

*Motion to Suppress*

Appellant first claims that his trial attorneys were ineffective for failing to file a motion to suppress appellant's confession until the day of jury selection. Trial counsel have not been given the opportunity to explain why they did not file the motion earlier or to provide reasons for the delay. Thus, the record is silent as to the reasons for the late filing of the motion. Moreover, while appellant cites to portions of the record suggesting the trial court was displeased by the late filing of the motion, the record also reflects that the court conducted a hearing on the motion, outside the jury's presence, prior to the start of testimony. Appellant does not complain about the trial court's

4

ruling on the motion.[2] Appellant cites to no authority, and we are aware of none, indicating that trial counsel's performance is deficient based solely on the untimely filing of a motion to suppress when the trial court accepted the motion and conducted a hearing on it. Furthermore, because the trial court conducted a hearing on the motion notwithstanding the late filing, appellant has failed to demonstrate prejudice.

*Outcry Hearing, Outcry Testimony, and Opinion Testimony*

Appellant also asserts that his trial attorneys were ineffective for failing to request a reliability hearing under article 38.072 of the Code of Criminal Procedure, commonly known as the outcry statute. *See* Tex. Code Crim. Proc. art. 38.072. He maintains that as a result of that failure, three witnesses testified about Amelia's outcry statements concerning the sexual abuse: Amelia's mother, the interviewing police officer, and the forensic interviewer from the children's advocacy center. Appellant contends that because no reliability hearing was conducted to determine the outcry witness, the testimony of two of those witnesses constituted inadmissible hearsay. Thus, in related claims, appellant argues that his trial attorneys were ineffective for failing to object to the hearsay testimony elicited by the State from the interviewing police officer and the forensic interviewer about Amelia's outcry statements to them. In similar complaints, appellant contends that his trial attorneys

---

[2] Appellant urged in the motion that a statement he made to police was involuntary based on his blood sugar level; however, appellant acknowledges in his brief that during the hearing on the motion he conceded in his testimony that he knew what he was doing and was aware of what was going on during the interview with the detective. Appellant's own testimony defeated his claim that his statement was involuntary because his blood sugar was abnormal and he was not aware of what he was doing when he confessed.

5

were ineffective for failing to object to certain questions propounded or testimony elicited regarding Amelia's credibility.

When a defendant is charged with certain sexual offenses against a child under the age of 14, article 38.072 of the Texas Code of Criminal Procedure provides a statutory exception to the hearsay rule for the victim's out-of-court statement describing the offense when offered into evidence by the first adult the victim told of the offense. *See id.* § 2; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). Though the terms do not appear in the statute, the victim's out-of-court statement is commonly referred to as an "outcry" or "outcry statement" and the adult who testifies about the outcry is commonly referred to as an "outcry witness." For the outcry statement to be admissible, the State must satisfy certain notice requirements, *see* Tex. Code Crim. Proc. art. 38.072, § 2(b)(1), the trial court must conduct a hearing outside the presence of the jury to determine the reliability of the outcry statement, *see id.* § 2(b)(2), and the victim must either testify or be available to testify, *see id.* § 2(b)(3). The statute's procedural notice and hearing requirements are mandatory and must be complied with. *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990); *see Sanchez*, 354 S.W.3d at 484.

The trial court in this case did not conduct the requisite reliability hearing pursuant to the statute, and trial counsel did not request that the court conduct the hearing or object to the court's failure to conduct it. However, the record is silent as to counsels' trial strategy in not requesting the hearing or not objecting to the lack of such hearing. Further, while appellant asserts that the failure to conduct the reliability hearing resulted in the admission of inadmissible hearsay evidence from two improper outcry witnesses, the record does not support that assertion.

6

As the State points out, Amelia's mother did not testify about any of her daughter's hearsay statements describing the sexual abuse offenses. She described the circumstances under which Amelia gave her a note that she had written disclosing the sexual abuse. She testified about confronting appellant with the note and his subsequent apology and admission to perpetrating the sexual abuse Amelia wrote about. She also described Amelia's and appellant's demeanor throughout these events. She did not, however, recite or testify about the contents of Amelia's note.

As for the testimony of the interviewing police officer and the forensic interviewer, the record reflects that both were proper outcry witnesses. Admissible outcry witness testimony is event-specific, not person-specific. *Eldred v. State*, 431 S.W.3d 177, 181–82 (Tex. App.—Texarkana 2014, no pet.); *Polk v. State*, 367 S.W.3d 449, 453 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Thus, in cases where a child has been victim to more than one instance of sexual assault, multiple outcry witnesses may testify about separate acts of abuse committed by the defendant against the child. *Lopez*, 343 S.W.3d at 140; *Cruz-Romero v. State*, No. 12-14-00090-CR, 2015 WL 1823582, at *2 (Tex. App.—Tyler Apr. 22, 2015, no pet.) (mem. op., not designated for publication); *Hernandez v. State*, No. 05-12-01118-CR, 2014 WL 1178303, at *3 (Tex. App.—Dallas Mar. 21, 2014, no pet.) (mem. op., not designated for publication); *Brown v. State*, 189 S.W.3d 382, 387 (Tex. App.—Texarkana 2006, pet. ref'd); *Tear v. State*, 74 S.W.3d 555, 559 (Tex. App.—Dallas 2002, pet. ref'd). While both the officer and the interviewer testified about Amelia's outcry statements to them, each testified about different abuse events. The officer testified about Amelia's hearsay statement to her, which gave a general description of the abuse appellant perpetrated against her but focused on a detailed description of the last incident before the sexual

7

abuse was reported to police. The forensic interviewer testified that she discussed the last incident with Amelia during the forensic interview, however, she recounted no details of that discussion in her testimony. She testified that Amelia spoke to her about "incidents that had occurred in the past," and the hearsay statements she described related to the abuse events appellant perpetrated against Amelia throughout the 5th, 6th, and 7th grades—excluding the final incident. The interviewer did not testify about the abuse event that was the last incident before the police were notified. Our review of the record demonstrates that the two outcry witnesses were discussing different occasions of assault. *See Purgason v. State*, 405 S.W.3d 171, 182 (Tex. App.—Amarillo 2013, pet. ref'd); *see, e.g., Osborne v. State*, No. 07-13-00156-CR, 2015 WL 3463047, at *7 (Tex. App.—Amarillo May 29, 2015, no pet. h.) (mem. op., not designated for publication) (because teacher and investigator described different events, testimony of both was admissible); *Josey v. State*, 97 S.W.3d 687, 692 (Tex. App.—Texarkana 2003, no pet.) (mother proper outcry witness for act of oral contact, but forensic interviewer proper outcry witness for act of digital penetration). Thus, the testimony of both outcry witnesses was admissible. Appellant's counsel cannot be found ineffective for failing to object to admissible testimony. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (holding counsel not ineffective for failing to object to admissible testimony).

Appellant also complains about counsels' failure to object to questions propounded to Amelia's mother and testimony elicited from the interviewing officer concerning Amelia's credibility. The complained-of questions to Amelia's mother occurred during the following exchange:

Q. Did you believe [Amelia] when she told you this?

8

Q.     And did you think she was making it up to retaliate for any reason, for looking at her phone, or retaliating for anything else?

A.     Not at all.

In context, these questions could be construed to be inquiries into the possible motivation for her daughter to fabricate the sexual abuse allegations rather than questions relating to Amelia's credibility. The complained-of testimony from the interviewing police officer occurred during the following exchange:

Q.     While you were speaking with her, what observations would you say you made about her body language and facial expressions while she was giving this recollection?

A.     I mean, she probably cried actual tears the whole time. Her voice was quivering. Her body language was -- she was closed off on herself, very protective of herself. She would reach out to me and put her arms around me and hold my hand and those types of things, but she was shaking and very sincere about everything. I mean, she was just like a scared little girl.

It is clear from the context, including the question asked, that the officer's reference to Amelia's sincerity was part of her description of her observations of Amelia's demeanor during the interview rather than a comment on her truthfulness about the allegations.

Nevertheless, even assuming the complained-of hearsay testimony from the interviewing officer and the forensic interviewer was not proper outcry testimony, and the complained-of testimony from Amelia's mother and the interviewing officer was improper opinion testimony, trial counsel were not given an opportunity to explain their reasoning for not objecting

9

to the testimony. The Court of Criminal Appeals has rejected similar complaints concerning outcry testimony and opinion testimony regarding a victim's credibility when the record is silent as to the reasons trial counsel failed to object:

> The record is silent as to why trial counsel failed to object to the outcry-witness testimony. The record could have been supplemented through a hearing on a motion for new trial, but appellant did not produce additional information about trial counsel's reasons for allowing all three outcry witnesses to give similar testimony about the same events or for allowing opinion testimony about the credibility of the complainant, both without objection. Appellant has thus failed to meet his burden under the first prong of *Strickland*, and the court of appeals erred in finding otherwise. Because appellant failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong.

*Lopez*, 343 S.W.3d at 143–44. For these reasons, appellant has failed to demonstrate ineffective assistance of counsel, founded in the record, as relates to the outcry hearing, outcry testimony, or purported opinion testimony.

*Evidence of Prior DWIs*

Appellant also complains about trial counsels' failure to object to portions of the video of his confession where he referred to his two prior arrests and convictions for driving while intoxicated. He maintains that "there could be no reasonable trial strategy" for a defense attorney to allow the jury to hear evidence of a defendant's criminal history, and trial counsel should have objected to the evidence and requested a redaction of this evidence from the video. However, the record is silent as to trial counsels' reasons for not objecting to or requesting a redaction of this evidence.

10

When the record is silent as to defense counsel's strategy, we will not guess at counsel's trial tactics or speculate about the reasons for taking certain actions and not taking others. *See Id.* at 142–43 ("[T]he court must not engage in retrospective speculation."). Indeed, such speculation could just as easily support the notion that trial counsel acted reasonably and competently in making the decisions now forming the basis for the appellant's ineffective assistance claims. Here, there may be reasonable explanations for not objecting to or requesting redaction of appellant's criminal history from the video. For example, while the evidence of appellant's criminal history was arguably inadmissible character evidence, *see* Tex. R. Evid. 404(b) (prohibiting use of evidence of other crime, wrong, or bad act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"), counsel could have decided that the impact of misdemeanor DWIs was negligible and could have further reasoned that a redaction in the confession video might appear to the jury that appellant was attempting to hide something. Or, in attempt to show that appellant was not a child predator, counsel could have wanted the jury to know that appellant's only criminal history involved minor offenses when compared to the current conduct he was accused of. Ultimately, we do not know why counsel did not object or seek redaction. Absent record evidence regarding counsels' strategy or reasoning, we will presume they exercised reasonable professional judgment. *See Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 902 (Tex. App.—Austin 1998, pet. ref'd); *see also Lopez*, 343 S.W.3d at 143. Further, absent record evidence regarding counsels' strategy, we cannot speculate as to whether a valid strategy existed, and thus appellant cannot rebut the strong presumption of reasonable assistance. *Parker v. State*,

11

No. 03-10-00739-CR, 2012 WL 3630163, at *6 (Tex. App.—Austin Aug. 22, 2012, no pet.) (mem. op., not designated for publication).

Moreover, appellant has failed to demonstrate how the admission of the evidence of his misdemeanor DWI history prejudiced him. Here, there was ample evidence presented to the jury that appellant sexually abused his stepdaughter as alleged in the indictment: the note Amelia wrote to her mother disclosing the abuse, Amelia's detailed testimony recounting the sexually abusive acts appellant perpetrated against her, the corroborating (and substantive) testimony of the outcry witnesses, the testimony about appellant's admission to Amelia's mother when confronted with the note, and appellant's confession. We cannot say that, in the face of all the evidence the jury heard about the sexual abuse, it is reasonably probable the jury would have reached a different conclusion had appellant's trial counsel objected to or requested redaction of the evidence of his prior misdemeanor DWIs. *See Ex parte Martinez*, 330 S.W.3d at 904 ("It is unlikely, in the face of all the evidence with which the jury was presented, that the jury would have reached a different conclusion in the absence of the [complained-of] evidence[.]").

*Guilt-Innocence Argument*

Appellant also contends that his counsel inadequately argued the case to the jury at the close of the guilt-innocence phase of the trial. He complains that counsel made a punishment argument during the closing argument at guilt-innocence.

Closing argument is a matter, generally, of strategy. *See Thompson v. State*, 915 S.W.2d 897, 904 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). The type of closing argument to make is an inherently tactical decision "based on the way a trial is unfolding, the trial

12

strategy employed, the experience and judgment of the defense attorney, and other factors." *Taylor v. State*, 947 S.W.2d 698, 704 (Tex. App.—Fort Worth 1997, pet. ref'd). "[C]ounsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (per curiam). Therefore, judicial review of an attorney's summation is highly deferential, *id.* at 6, and we will second-guess that strategy only if the attorney's actions are without any plausible basis. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) ("Under *Strickland*, the defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission.").

Here, it is plausible that counsel, after reviewing the evidence presented, concluded that the best strategy might be to appear open and honest to the jury in hopes of mitigating punishment. By the time of closing argument, the jury had heard considerable evidence of appellant's guilt, not least of which was his own confession to the police. In light of these circumstances, an attempt to mitigate punishment could have been a realistic strategy. *See Flemming v. State*, 949 S.W.2d 876, 881 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *see, e.g., Alexander v. State*, No. 09-08-00372-CR, 2009 WL 4681369, at *5 (Tex. App.—Beaumont Dec. 9, 2009, pet. ref'd) (mem. op., not designated for publication) ("Faced with the mountain of incriminating evidence pointing to [appellant] as one of the perpetrators of the robbery, trial counsel here, like counsel for [co-defendant], cannot be faulted for looking ahead to the punishment phase in hopes of securing a sentence from the jury significantly less than confinement for life."). Also, a review

of the record shows that trial counsel referenced a portion of the jury charge (unidentified in the record) telling the jury to ignore that portion, which could have been an attempt to focus the jury on the lesser-included offenses. This could be considered a reasonable strategy given the fact that the greater offense, continuous sexual abuse of a young child, carries a punishment range with a minimum incarceration of 25 years, *see* Tex. Penal Code § 21.02(h), and a defendant serving a sentence for that offense is not eligible for release on parole, *see* Tex. Gov't Code § 508.145(a).

Because plausible reasons for counsel's argument exist, and counsel was not afforded an opportunity to explain the reasons for giving the argument he gave, appellant has not shown that counsel's closing argument constituted deficient performance. Furthermore, given the overwhelming evidence of appellant's guilt, appellant has failed to demonstrate that but-for trial counsel's argument, it is reasonably probable the jury would not have convicted him. *See Ex parte Martinez*, 330 S.W.3d at 904.

*Lack of Punishment Evidence*

Finally, appellant complains that his trial attorneys were ineffective for failing to put on "any evidence whatsoever" during the punishment phase of trial. He notes that a defense attorney has an obligation to investigate and prepare for trial, and summarily asserts that "counsel did nothing to help [their] client at punishment." He complains that "[t]he jury was given absolutely no evidence by the defense to guide them in their [sic] assessment of punishment." However, the "failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *Perez*, 310 S.W.3d at 894 (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). Accordingly, a claim of

14

ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify and that the defendant would have benefitted from their testimony. *Ex parte White*, 160 S.W.3d at 52. Here, the record fails to identify any witnesses or evidence available to be presented during the punishment phase. Nor does appellant establish the content of any unidentified evidence or testimony that would have benefitted him during the punishment phase of trial. Appellant's claim that trial counsels' performance was deficient or that he was harmed by counsels' alleged inadequate performance concerning the punishment phase is mere speculation without support in the record—both as to counsels' purported failure to investigate or prepare for trial and the existence of beneficial evidence that was available to be presented at the punishment phase. Such speculation does not constitute a demonstration, founded in the record, that counsels' assistance was ineffective. *See Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013).

*Conclusion*

On the record before us, appellant has failed to demonstrate deficient performance on the part of his trial attorneys or that he suffered prejudice because of the alleged errors of counsel. Thus, he has not shown himself entitled to reversal based on ineffective assistance of counsel. *See Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'"). We overrule appellant's first point of error.

15

## Article 38.072 Hearing

In his second point of error, appellant complains about the trial court's failure to conduct a hearing pursuant to the outcry statute. *See* Tex. Code Crim. Proc. art. 38.072.

As previously discussed, when a defendant is charged with certain sexual offenses against a child under the age of 14 or a disabled individual, article 38.072 of the Texas Code of Criminal Procedure provides a statutory exception to the hearsay rule for the victim's out-of-court statement describing the offense when offered into evidence through the testimony of the first adult the victim told of the offense. *See id.* § 2; *Sanchez*, 354 S.W.3d at 484. One of the procedural provisions of the statute is that the trial court must conduct a hearing outside the presence of the jury to determine the reliability of the outcry statement. *See* Tex. Code Crim. Proc. art. 38.072, § 2(b)(2). The hearing requirement is mandatory and must be complied with. *Long*, 800 S.W.2d at 547; *see Sanchez*, 354 S.W.3d at 484.

Appellant is correct in that the trial court did not conduct the requisite hearing pursuant to the statute. However, at trial, appellant did not object to the failure of the trial court to conduct the hearing. Nor did he object to the admission of the outcry statements through the testimony of the outcry witnesses designated by the State in its notice. Preservation of error is a systemic requirement on appeal. *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Boston v. State*, 373 S.W.3d 832, 841 (Tex. App.—Austin 2012), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013); *see Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Blackshear*, 385 S.W.3d at 590; *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010); *Boston*,

16

373 S.W.3d at 841. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context. Tex. R. App. P. 33.1(a)(1); *see Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Because appellant did not object to the trial court's failure to conduct the hearing at trial or the admission of the outcry statements, he has failed to preserve this complaint for appellate review. *See Citizen v. State*, No. 13-14-00379-CR, 2015 WL 513367, at *7 (Tex. App.—Corpus Christi Feb. 5, 2015, no pet.) (mem. op., not designated for publication) ("A complaint regarding the failure to hold a reliability hearing under article 38.072 is forfeited if it is not raised at trial and if there is no objection to the outcry testimony."); *Williams v. State*, No. 02-10-00118-CR, 2011 WL 1601290, at *6 (Tex. App.—Fort Worth Apr. 28, 2011, pet. ref'd) (mem. op., not designated for publication) ("[A] complaint regarding the lack of a reliability hearing under article 38.072 is forfeited if it is not raised at trial and if there is no objection to the outcry testimony."); *see also Moore v. State*, 233 S.W.3d 32, 37 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (concluding appellant's substantial rights were not affected by trial court's failure to conduct article 38.072 hearing); *Laredo v. State*, 194 S.W.3d 637, 640–41 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (concluding complaint as to outcry testimony not preserved for appellate review). Accordingly, we overrule appellant's second point of error.

17

## CONCLUSION

Having rejected appellant's claim of ineffective assistance of counsel and concluding that appellant failed to preserve any alleged error relating to the trial court's failure to conduct a reliability hearing pursuant to the outcry statute, we affirm the trial court's judgments of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 26, 2015

Do Not Publish

18